# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 18-0039-WS |
| | ) | |
| CHARLES STAGNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Charles Stagner's filings styled "Motion to Determine the Admissibility of the State's 404(b) Evidence, or in the Alternative, Motion in Limine" (doc. 37) and "Defendant's Second Motion in Limine/Objection … or in the Alternative, Defendant's Motion to Suppress" (doc. 38). Both Motions were filed on the afternoon of Saturday, June 23, 2018, less than three days before Stagner's trial is to begin.

**I.    The Motion to Exclude 404(b) Evidence.**

Stagner's first Motion in Limine takes aim at the Government's stated intention of introducing "other crimes" evidence pursuant to Rule 404(b), Fed.R.Evid. Back on May 7, 2018, the Government filed a Notice of Intent to Offer Rule 404(b) Evidence (doc. 30), by which it notified Stagner of its intent to introduce into evidence a certified copy of Stagner's 2009 conviction in this District Court of conspiracy to manufacture methamphetamine in Criminal Case Number 08-0360-KD. The Notice specified the Government's position that such a record was admissible under the "intent" prong of Rule 404(b). In his Motion, Stagner challenges the admissibility of his 2009 conviction on the grounds that it is not probative of any issue other than character and is "too unrelated and too removed in time to have any evidentiary value." However, abundant binding authority supports the Government's position.

For "other crimes" evidence to be admissible under Rule 404(b), (i) it must be relevant to an issue other than character; (ii) there must be sufficient proof to enable a jury to find that the defendant committed the other crime; and (iii) the probative value of the evidence cannot be substantially outweighed by undue prejudice. *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). "A defendant who enters a not guilty plea makes intent a material issue which

imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citation omitted); *see also United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016) ("Hernandez's not guilty pleas put his intent directly at issue"). Furthermore, "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance." *Barron-Soto*, 820 F.3d at 417 (citation omitted); *see also United States v. Smith*, 741 F.3d 1211, 1226 (11th Cir. 2013) ("Prior convictions may be probative of intent where, as here, the prior conviction was for possession of the same drug involved in the instant conspiracy."); *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993) ("evidence of prior drug dealings … is highly probative of intent in later charges of conspiracy and distribution of a controlled substance"). This is particularly true where, as here, the "other crimes" evidence involves the same controlled substance (methamphetamine) at issue in the case at bar, such that the intent elements are similar. Defendant's position that the "other crime" and charged conduct are "too unrelated" appears devoid of any basis in fact or law.

As for defendant's objection about temporal proximity, "[a]lthough the amount of time between the prior offense and charged offense may affect the probative value of the prior offense, the district court is afforded broad discretion to determine whether the offense is too remote to be probative." *Barron-Soto*, 820 F.3d at 417 (no abuse of discretion for district court to admit evidence of offense that occurred more than seven years earlier); *Smith*, 741 F.3d at 1225 (not-guilty plea in drug case may open the door to admission of prior drug-related offenses, "even where the prior conviction is many years old"); *United States v. Gil*, 581 Fed.Appx. 766, 772 (11th Cir. Sept. 12, 2014) ("While the conduct underlying Gil's 1996 conviction was more than 17 years old, we do not have a bright-line rule as to when a conviction is too remote to be admissible under Rule 404(b) … and we have held that a 15-year-old conviction was admissible") (citations omitted). The nine-year gap between Stagner's conviction of conspiracy to manufacture methamphetamine in Criminal Case No. 08-0360-KD and the charges of possession with intent to distribute methamphetamine in this case is not excessive, does not fatally undermine the probative value of that evidence, and does not render that evidence inadmissible.

For all of these reasons, the Court is of the opinion that the Government's proffered 404(b) evidence against Stagner satisfies the admissibility standards delineated in well-settled

Eleventh Circuit jurisprudence. Defendant has not met his burden of showing otherwise. Stagner's Motion in Limine (doc. 37) relating to Rule 404(b) evidence is **denied**.

II. **The Motion to Suppress Video.**

In his second Motion in Limine, Stagner seeks to suppress a video purporting to depict a confidential informant ("CI") purchasing a small quantity of methamphetamine from Stagner via a hand-to-hand transaction on or about March 8, 2017. Defendant's objection to the video centers on the Government's stated intention not to call the CI to testify at trial. On that basis, Stagner argues that presentation of the video would violate his rights under the Confrontation Clause and would run afoul of the authentication requirements of Rule 901, Fed.R.Evid.

As a threshold matter, Stagner's Motion is untimely. The deadline for filing pretrial motions in this case was March 12, 2018, some three and a half months ago. (Doc. 14, at 2.) Although the Court appreciates that Stagner's present counsel was not appointed until April 24, 2018, at no time did he request enlargement or reopener of the pretrial motions deadline. Yet this motion to suppress was not filed until June 23, 2018, less than 72 hours before trial is to commence. No explanation was provided for the delay, and the factual predicate of the Motion was or should have been known by defendant long before now.

At any rate, the Eleventh Circuit recently considered and rejected arguments analogous to those raised by Stagner in a case tried by the undersigned and styled *United States v. Taylor*, 688 Fed.Appx. 638 (11th Cir. May 5, 2017). In particular, the *Taylor* panel determined that the trial court did not abuse its discretion in admitting a video despite the CI's failure to authenticate it, where the Government presented "sufficient circumstantial evidence to make out a prima facie case that the video depicted the informant with the defendant in the carport where the arrest took place." *Id.* at 642. Likewise, *Taylor* found no Confrontation Clause problem, notwithstanding the CI's failure to testify, where the footage did not even appear to contain testimonial statements for purposes of the Confrontation Clause. In so concluding, the panel cited with approval appellate authority for the proposition that "admission of a muted videotape created by an informant wearing a hidden camera, that purportedly depicted the informant purchasing drugs from the defendant … did not violate the Confrontation Clause, because the video did not

constitute a statement." *Id.* at 642-43. The reasoning of *Taylor* appears fatal to Stagner's arguments for suppression of the video.[1]

For these reasons, Defendant's Second Motion in Limine or in the Alternative, Motion to Suppress (doc. 38) is **denied**.

DONE and ORDERED this 25th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Stagner also asserts that admission of the video would violate the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq.*, and Alabama's eavesdropping statute codified at Alabama Code § 13A-11-31, because it was obtained without a warrant, absent the CI testifying that he consented to the interception of his oral communications with Stagner. It is well-settled that an informant's consent negates the Act's warrant requirement. *See, e.g., United States v. Davanzo*, 699 F.2d 1097, 1100 (11th Cir. 1983) ("There is no Fourth Amendment violation here … because … a paid informer … gave his consent before recording each of the conversations, thereby freeing the conversations from the warrant requirement.") (citations omitted). Consent is a preliminary question of fact to be determined from the totality of the circumstances, and "in most cases the requisite consent is deemed extant where the informant placed the telephone call knowing that it would be recorded." *United States v. Gomez*, 947 F.2d 737, 738 (5th Cir. 1991) (citations omitted). By all appearances, the Government can make the requisite showing of consent here without the CI's testimony, bolstered in large part by the circumstantial evidence that the CI obviously knew that Government agents had placed and activated a recording device on his person at the time he had the conversation and engaged in the alleged controlled drug buy with Stagner.